Case 18-10804-TPA    Doc 64    Filed 03/17/20    Entered 03/17/20 13:04:43    Desc Main
Document      Page 1 of 5

FILED
3/17/20 12:43 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| DEBRA A. ALEXANDER,<br>*Debtor.* | : | Case No. 18-10804-TPA<br>Chapter 13 |
| | : | |
| DEBRA A. ALEXANDER,<br>*Movant,* | : | Related to Doc. No. 47, 48, 56, 57, 58,<br>59, 61, 63 |
| v. | : | |
| RONDA WINNECOUR,<br>CHAPTER 13 TRUSTEE, LSF8<br>MASTER PARTICIPATION<br>TRUST, CAPITAL ONE BANK,<br>*Respondents.* | : | Hearing: April 29, 2020 at 12:00 P.M. |

## ORDER TO SHOW CAUSE

When a Chapter 13 Debtor's Plan payment is in material default, the Chapter 13 Trustee files a Trustee's Certificate of Default Requiring Dismissal of the Case ("COD"). Upon the *COD* being filed, the Court automatically issues its standard order requiring either a notarized affidavit or a notice of proposed modification to the confirmed plan, accompanied by an amended plan which will cure the defaults, documentary proof of payment, and a certificate of service stating the filings were served on all parties on the mailing matrix and the Chapter 13 Trustee. This standard order requiring these filings is issued upon every *COD* filed by the Chapter 13 Trustee in cases before this Court. This order is so frequently issued, in the past seven days there have been 102 *COD's* filed by the Chapter 13 Trustee, all which either have been, or will be, followed by the Court's standard order. In the past year, Atty. Nagurney has had four other cases where a *COD* was filed by the Chapter 13 Trustee, which all were not responded to and, as a result, the cases were dismissed. In this case, the ***Trustee's Certificate of Default Requesting Dismissal of Case*** was filed on January 10, 2020 (Doc. 47), and the Court issued its standard ***Order*** (Doc. 48) on January 14, 2020.

1

In response to the Court's January 14th *Order* on the Trustee's *Certificate of Default,* the Debtor filed a ***Motion for a Continuance to Comply with this Court's Order Entered January 21, 2020 at Document #50*** (Doc. 52)[1] requesting until February 28, 2020 to respond to the Court's *Order.* The Court granted this request and on February 28, 2020, the Debtor filed a ***Notice of Proposed Modification to Confirmed Plan Dated 9/21/2018*** ("Notice") (Doc. 56) which included an Amended Chapter 13 Plan. The Debtor failed to attach the required proof of payment and certificate of service to this *Notice,* and as a result the Court issued a Text Order (Doc. 57) requiring these items be filed. The sequence of mistakes leading up to this *Order to Show Cause* is as follows:

(1) On March 3, 2020 the Debtor filed what appears to be a Documentary Proof of Payment to the Chapter 13 Trustee (Doc. 59), however the document fails to include a coversheet with the appropriate caption and title of the document.[2]

(2) The Debtor filed the first ***Certificate of Service*** (Doc. 58) on March 3, 2020 which failed to include the proper three-part caption, as required by this Court's *Local Rules.*

(3) The *Certificate of Service* (Doc. 58) incorrectly references a hearing date of April 1, 2020, when the conciliation was actually scheduled for April 7, 2020.

(4) This *Certificate of Service* (Doc. 58) was not signed by Counsel for the Debtor but was instead signed by "Jay S. Jump" an unknown third party of "BK Attorney Services, LLC" d/b/a certificateofservice.com.

---

[1] The Court notes that Paragraphs 3 and 4 reference an Order issued by the Court "July 14, 2020." The Court assumes the Debtor meant to state January 14, 2020.

[2] The Court has not issued any order addressing this filing, but Counsel for the Debtor should know that filing a screenshot of the Trustee's website without a caption or coversheet is totally unacceptable.

2

(5) Mr. Jump's signature on the *Certificate of Service* (Doc. 58) was not accompanied by the /s/ as required by the Court's *Local Rules,* and on further investigation, the Court has been informed that Mr. Jump is not licensed to practice before this Court.

(6) Apparently realizing he failed to serve the documentary proof of payment, on March 3, 2020 Counsel for the Debtor also filed a **Supplemental Certificate of Service** (Doc. 61) attempting to indicate as such. A corrective entry was issued by the Court on March 4, 2020 relating to this *Supplemental Certificate of Service* since it was not linked to all documents served.

(7) The caption on the *Supplemental Certificate of Service* (Doc. 61) also failed to specify that Ronda Winnecour, LSF8 Master Participation Trust, and Capital One Bank are "Respondents."

(8) On March 9, 2020 the Debtor refiled the **Supplemental Certificate of Service** (Doc. 63), which also failed to state "Respondents" in the caption, referenced documents within it that were not relevant and not even on the docket, including the "Objection to Forced Place Insurance Fee Jan. 2, 2020" and the "Proposed Order Denying Jan. 2, 2020 Ins. Fee," and did not have the mailing matrix attached.

The Court has now had to spend significant time inspecting and addressing all of the problems Counsel for the Debtor has created in this case, which it hoped it would not have to do considering Attorney Nagurney being recently put on notice that future mindless errors such as these will not be tolerated by this Court, due to the vast number of problems all of his cases seem to involve. Furthermore, it is troublesome to the Court that "Jay Jump" of "certificateofservice.com" is preparing and affixing his signature to legal documents when he has not been admitted to practice before this Court or, as far as this Court is aware, before any courts in Pennsylvania. However, the fact that Atty. Nagurney filed these certificates of service apparently without reviewing them is totally unacceptable. Therefore,

3

*AND NOW*, this *17th* day of *March 2020*, for the reasons stated above, it is hereby **ORDERED**, **ADJUDGED** and **DECREED** that:

(1) An ***Order to Show Cause*** is issued against:

    *(a)    John Nagurney, Esq.; and*

    *(b)    Jay S. Jump, certificateservice.com, PO Box 4590, Pasco, WA 99302-4590.*

to **PERSONALLY appear** at a hearing scheduled for ***April 29, 2020 at 12:00 PM*** in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501 to show cause why sanctions should not be imposed, in the form of monetary sanctions, suspension from practicing before this Court or otherwise, for failure to comply with the Court's Order, the *Local Rules,* and for Mr. Jay Jump, improperly practicing law before this Court without prior admission.

(2) Notwithstanding the *Order* entered on February 7, 2020 (Doc. 4) in *In re: All New Cases Involving John E. Nagurney, Esq., Misc. No. 20-00201-TPA* **effective immediately** John Nagurney, Esq. is prohibited from filing any new bankruptcy cases in this Court pending further order of Court. The Bankruptcy Clerk, Michael Rhodes, is directed to immediately notify the Court in the event any new cases are filed by Atty. Nagurney.

(3) In light of Paragraph 2, above, Attorney J. Wesley Rowden, Esq. is excused from any further need to act as co-counsel/mentor to Attorney Nagurney as was contemplated in said February 7, 2020 *Order.* The Court notes its appreciation to Attorney Rowden for having been willing to serve in that role.

4

(4)     A copy of this Order shall be entered on the docket of *Misc. No. 20-00201-TPA*.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:
    Debtor
    Ronda Winnecour, Esq.
    John Nagurney, Esq.
    John Wesley Rowden, Esq.

    Jay S. Jump
        PO Box 4590
        Pasco, Wa 99302-4590
        jumpj@jumplawgroup.com

    Joseph S. Sisca, Assistant U.S. Trustee
    Chief Judge Carlota M. Böhm
    Judge Jeffery A. Deller
    Judge Gregory A. Taddonio
    Michael Rhodes, Clerk

5