IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-10804-TPA |
| | ) | |
| DEBRA A. ALEXANDER, | ) | Docket No. |
| | ) | |
| Debtor | ) | Related to Docket No. 64 & 84 |
| | ) | |
| DEBRA A. ALEXANDER, | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RONDA WINNECOUR, CHAPTER 13 | ) | |
| TRUSTEE, LSF8 MASTER | ) | |
| PARTICIPATION TRUST, CAPITAL | ) | |
| ONE BANK, | ) | |
| | ) | |
| Respondents | ) | |

**MOTION FOR RECONSIDERATION OF MEMORANDUM ORDER DATED
SEPTEMBER 21, 2020**

AND NOW, comes, BK Attorney Services, LLC d/b/a

CERTIFICATEOFSERVICE.COM and Jay S. Jump ("BK Services") by and through their

counsel, Knox McLaughlin Gornall & Sennett, P.C., with this Motion for Reconsideration of this

Court's Memorandum Order dated September 21, 2020, filed at Document No. 84 (the

"Memorandum Order"), stating as follows:

1.      The Debtor, Debra A. Alexander, filed a voluntary Petition for Relief on

August 10, 2018 and is represented by John E. Nagurney, Esquire, 12063 Midway Drive,

Conneaut Lake, PA 16316.

2.      As part of the Alexander Chapter 13 proceeding, on or about March 3, 2020,

Attorney Nagurney filed a Certificate of Service at Document No. 58 indicating that he had used

BK Services to mail an Amended Chapter 13 Plan.  He included a copy of the proof of service

provided to him by BK Services confirming what had been served, to whom, and how.

3.    There has never been an issue raised by Atty. Nagurney, the Court, or any other party as to the actual services provided by BK Services, their appropriateness, their cost, or how the service was done.

4.    BK Services maintains an address of PO Box 4590, Pasco, WA 99302.

5.    BK Services is a third party notice provider approved by the Administrative Office of the United States Courts. BK Services assists over 4,000 law firms, panel trustees, United States Trustees, and Chapter 13 Trustees across the United States to meet the notice and service requirements under Federal Bankruptcy Rule 7004 in a cheaper, more efficient, and more reliable way than if those parties did the mailings themselves.

6.    The Court issued an Order to Show Cause on March 17, 2020 at Document No. 64 raising, for the first time, concerns about BK Services and directing that Mr. Jump personally appear before the Court. This hearing was subsequently converted to a Zoom hearing which was held on or about June 4, 2020.

7.    On or about September 21, 2020, the Court issued its Memorandum Order at Document No. 84 which vacated the Order to Show Cause and which explicitly prohibited BK Services and Mr. Jump from providing noticing services (i.e from operating its business) in the Western District of Pennsylvania unless and until one of three steps was undertaken i.e. 1) the Court issued an Order in a specific case or matter that a "notice provider" could be used, 2) a motion was filed and granted in a specific case authorizing the use of BK Services as a notice provider, or 3) a motion was filed and granted which gives "blanket recognition" to BK Services to act as a notice provider in all cases in this District.

8.    On September 28, 2020, BK Services filed an Omnibus Motion (which was subsequently amended to change the caption) at Miscellaneous Docket No. 20-00218 requesting that BK Services be granted "blanket recognition" as a notice provider in all current and future

Bankruptcies filed in the Western District of Pennsylvania. This Omnibus Motion is presently pending before the Court and has been scheduled for an evidentiary hearing on October 15, 2020 at 10:00 a.m.

9.      BK Services seeks to preserve its right to appeal the Memorandum Order if necessary and appropriate and respectfully requests that the Court reconsider its Memorandum Order on the following grounds, among others:

(a)      The Court lacks jurisdiction as to BK Services.

(b)      The Memorandum Order fails to provide standards for an entity to become an approved notice provider.

(c)      Federal Rule of Bankruptcy Procedure 2002 was never intended to and does not, control independent contractual relationships between attorneys and third parties hired to perform discrete tasks such as a third party notice providers. Irregardless of who actually stuffs and mails the envelopes, ultimate responsibility to ensure that accurate and reliable notice is given remains with the debtor (or the trustee) and, by extension, with their attorney. Bankruptcy Rule 2002 is only intended to place ultimate responsibility for effective service, not to control who performs the menial task of stuffing and mailing envelopes, especially when payment for such services is owed by the attorney not the debtor.

(d)      The Memorandum Order evidences the Court's concern regarding the use of third party notice providers but, by its very terms, it arbitrarily only acts as an injunction/prohibition against BK Services. It fails to address other competing notice providers, including but not limited to, Casemail, Imailtracking, Letterstream, BNC, Walz Remote Print and Mail and Print2Mail, among others.

(e)    Neither the Court nor Attorney Nagurney have raised concerns about either the quality, the accuracy, the cost, or the completeness of the services rendered by BK Services.

(f)    Across the United States, BK Services has over 4,000 clients including 39 United States Trustee's Offices, multiple Chapter 13 Trustee's Offices, and roughly 800 Chapter 7 panel trustees.  See Exhibit A attached hereto and incorporated by reference.  Over the last 15 years, BK Services estimates it has successfully served upwards of 65 million documents for its clients.

(g)    Locally, BK Services currently has 27 unique client accounts in the Western District of Pennsylvania with 885 unique mailing projects over the last few years resulting in 37,828 envelopes mailed.

10.    BK Services respectfully requests that its Omnibus Motion be granted by the Court and/or that the Court reconsider and vacate the Memorandum Order.  The Court's prohibition against operating in the Western District of Pennsylvania is not only preventing BK Services from operating its business here but it is also causing a hardship for BK Services' local clients who may not have the staff or equipment to effectively serve required notices and mass mailings and who are losing the cost savings BK Services can provide.  Furthermore, these clients may be forced to hire BK Service's competitors as third party notice providers.  These competitors are not currently enjoined from operating in this District.

WHEREFORE, BK Services respectfully requests that its Omnibus Motion be granted by the Court and/or that the Court reconsider and vacate the Memorandum Order and that BK Services be granted such other and further relief as is necessary and just.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
Attorneys for Jay S. Jump and
BK Attorneys Services LLC


BY: */s/ Mark G. Claypool*
      Mark G. Claypool
      PA I.D. No. 63199
      120 West Tenth Street
      Erie, Pennsylvania  16501-1461
      (814) 459-2800

# 2199871.v1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA (ERIE)

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-10804-TPA |
| | ) | |
| DEBRA A. ALEXANDER, | ) | |
| | ) | Docket No. |
| Debtor | ) | |
| | ) | Related to Docket No. 64 & 84 |
| DEBRA A. ALEXANDER, | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RONDA WINNECOUR, | ) | |
| CHAPTER 13 TRUSTEE, LSF8 | ) | |
| MASTER PARTICIPATION | ) | |
| TRUST, CAPITAL ONE BANK, | ) | |
| | ) | |
| Respondents | ) | |

## CERTIFICATE OF SERVICE

TO PARTIES IN INTEREST:

I, Mark G. Claypool, certify under penalty of perjury that I served the above-captioned motion, on the parties at the addresses on the attached matrix, on October 5, 2020 by first class, United States mail, postage pre-paid.

The total number of parties served was ___6___.

EXECUTED ON:  October 5, 2020

By:  ___/s/  Mark G. Claypool___
Mark G. Claypool, Esquire
PA I.D. No. 63199
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, Pennsylvania  16501-1461
(814) 459-2800

## **SERVICE MATRIX**

<u>Via US mail:</u>

Jeffrey J. Sikirica
121 Northbrook Drive
Pine Township
Gibsonia, PA 15044

John E. Nagurney
Attorney Nagurney Cottage
12063 Midway Drive
Conneaut Lake, PA 16316

Jay S. Jump
PO Box 4590
Pasco, WA 99302

Natalie Lutz Cardiello
107 Huron Drive
Carnegie, PA 15106

Owen Katz
PO Box 7826
Pittsburgh, PA, 15215

<u>Via CM/ECF</u>

United States Trustee

ustpregion03.pi.ecf@usdoj.gov