FILED
10/19/20 3:17 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| APPROVAL OF BK ATTORNEY SERVICES LLC D/B/A CERTIFICATEOFSERVICE.COM and JAY S. JUMP AS COURT APPROVED NOTICE PROVIDER, | Misc. No. 20-0218-TPA<br><br>Related to Doc. No. 4 |
| BK ATTORNEY SERVICES LLC D/B/A CERTIFICATEOFSERVICE.COM and JAY S. JUMP,<br>    *Movants* | |
| v. | |
| NO RESPONDENT | |

## ORDER

Movants filed an *Amended Omnibus Motion of BK Attorney Services LLC D/B/A Certificateofservice.com and Jay S. Jump to be Approved as an Authorized Notice Provider for Cases Filed with the United States Bankruptcy Court for the Western District of Pennsylvania* ("Motion") on October 1, 2020 at Doc No. 4. The *Motion* seeks blanket authorization by the Court which would allow the Movants to provide their services to parties involved in bankruptcy cases without the need for obtaining the Court's permission in each individual case.[1] The Court scheduled an evidentiary hearing on the *Motion*, which hearing was held on October 15, 2020.

The evidence presented at the hearing demonstrated that Movant Jay S. Jump

---

[1] The filing of the *Motion* is the direct result of the entry of the *Memorandum Order* dated September 21, 2020, entered at Doc. No. 84 in the matter of *In Re Debra A. Alexander*, Case No. 18-10804-TPA.

1

("Jump") is a licensed attorney from the State of Washington who formerly had an extensive consumer bankruptcy practice for many years. During the course of that practice, Jump became frustrated at the time and inconvenience involved when mass mailings had to be made in one of his cases in order to effect proper service. He investigated as to whether there was anyone who might offer a noticing service to relieve him of that burden. Finding no such service available, and sensing that there might be a business opportunity available because of an unmet need, Jump created movant BK Attorney Services, LLC d/b/a certificateofservice.com ("BK").

BK was created in 2005. Jump testified that BK was patterned after the Bankruptcy Noticing Center, the entity used by the Court to serve many orders or other documents that must be mailed to parties in the course of a bankruptcy case. BK was designed to provide a similar service for the other, non-court, participants in the bankruptcy process.

The way BK works is fairly simple. An attorney or bankruptcy trustee who has a document that needs to be served can upload the document to the BK website, either with specific mailing instructions or relying on the mailing matrix filed in the case. BK prepares the document for service, prints out the necessary copies and envelopes for service, stuffs the envelopes, and delivers them to the United States Postal Service (USPS") with the proper postage for first class mail delivery. Once that has been done BK supplies the attorney or trustee with a certificate of service which can be filed in the bankruptcy court. The current cost for this service is $.15 per page for the printing plus the cost of the postage. There are no contractual commitments involved; BK customers can use the service or not as they choose.

The Court had some concerns about the accuracy and reliability of the BK mailing services, but those were allayed by Jump's testimony. He described the process used by BK in some detail and it is clear that it has a number of features built into it to help ensure that documents entrusted to BK are properly introduced into the USPS mail stream. These include a "tracking number" placed on each envelope processed by BK which allows it to know which customer and case the envelope belongs to and an "intelligent mail barcode" which can track the envelope up to the point where it has been received by the USPS letter carrier who will be making the delivery. Jump also described the automated machines that are used by BK to process the mailings and explained the strict USPS certification process which they must meet. The end result is a system that is 99.7% error free.

In addition to Jump's testimony, the Movants also provided the testimony of three attorneys who have used the services of BK, two attorneys from within this district and one from Kansas. All of these attorneys were strongly supportive of BK, testifying that it has relieved them from the very burdensome task of mailing notices, and done so at an economical cost and with excellent reliability. From its own experience the Court is well aware of the amount of work that can be involved in processing a large bankruptcy-related mailing, particularly for an attorney or trustee operating on a solo basis, or with only a small staff. The Court found the testimony from the three attorneys to be compelling and persuasive.

Additionally, it should be noted that both the United States Trustee and the Chapter 13 Trustee were notified of the *Motion* and the evidentiary hearing and neither filed any response in opposition to the requested relief or appeared at the hearing.

To sum up, the Court finds that the Movants have sufficiently demonstrated that they provide a valuable and reliable service which should be available as an option for use by bankruptcy practitioners. For the foregoing reasons, the Court will grant the *Motion*.

*AND NOW*, this **19th** day of **October, 2020**, for the reasons stated above, it is **ORDERED, ADJUDGED** and **DECREED** that the *Motion* is **GRANTED**, as follows:

(1)    Pursuant to *Fed.R.Bankr.P. 2002(g)(4),* Movants are approved as an authorized notice provider in this Court and may provide such services as are requested by any parties in any case under Chapters 7, 12, or 13 filed in the United States Bankruptcy Court for the Western District of Pennsylvania without the need to obtain prior approval from the Court, and any such mail service made by Movants shall be deemed to have been made by or on behalf of the requesting party.

(2)    Paragraph 1 notwithstanding, Movants are not permitted to provide any services in any Chapter 9, 11, or 15 case filed in this Court without prior approval of the Court.

(3)    The prohibition and/or injunction entered against the Movants by Memorandum Order filed at Doc. No. 84 in the case of *Debra A. Alexander*, Case No. 18-10804-TPA is hereby rescinded and/or dissolved, and a copy of this Order shall be placed on the docket of that case.

(4) Upon the conclusion of the appeal period, and assuming no appeal is taken, this Miscellaneous Proceeding shall be **CLOSED**.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Case Administrator to serve:
    Hon. Carlota M. Böhm, Chief Judge
    Hon. Jeffery A. Deller
    Hon. Gregory L. Taddonio
    Michael R. Rhodes, Clerk
    Mark Claypool, Esq.
    Office of the United States Trustee
    Ronda Winnecour, Esq.

    Natalie Lutz Cardiello, Esq.
    107 Huron Drive
    Carnegie, PA 15106

    Jeffrey J. Sikirica, Esq.
    121 Northbrook Drive
    Gibsonia, PA 15044

    David K. Rudov, Esq.
    Rudov Law
    437 Grant Street, Suite 1806
    Pittsburgh, PA 15219